**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Jose Alvaro Aguilera-Mendoza,<br>　　　　Petitioner,<br>vs.<br>United States of America,<br>　　　　Respondent. | CV 11-00517-PHX-FJM;<br>CR 05-00314-10-PHX-FJM<br>**ORDER** |

The court has before it petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 1) and memorandum in support of his motion (doc. 3), respondent's response (doc. 6), petitioner's reply (doc. 9), and a report and recommendation of the United States Magistrate Judge (doc. 10). The court also has before it petitioner's objection to the report and recommendation (doc. 13). Respondent did not file a response to petitioner's objection, and the time for responding has expired.

**I**

On the second day of trial, petitioner pled guilty to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii). We conducted a sentencing hearing as required by Rule 32, Fed. R. Crim. P. Petitioner filed a number of objections to the pre-sentence report. These objections were discussed at the hearing. Petitioner's lawyer argued that defendant's role in the conspiracy was not that of organizer or leader, and raised issues regarding drug amounts, the disparity

of sentencing between petitioner and his co-defendants, and the calculation of the base offense level. We overruled petitioner's objections to the pre-sentence report's findings that the offense concerned the importation of methamphetamine, that there was evidence to support the quantity of methamphetamine, and that he was a leader or organizer of the conspiracy. A base offense level of 38 was calculated based on the factual basis of petitioner's plea and the testimony and exhibits received at trial. The court granted a two-level downward departure for acceptance of responsibility. Petitioner was sentenced to 200 months in custody followed by five years of supervised release.

Petitioner's lawyer filed an <u>Anders</u> brief and moved to withdraw on appeal. The Ninth Circuit granted the motion to withdraw, struck the <u>Anders</u> brief, appointed new counsel, and ordered further briefing. Appellate counsel raised four issues on appeal: (1) whether petitioner knowingly and intelligently waived his right to a jury trial on the quantity of drugs involved in the crime; (2) whether the district court properly ruled on the drug quantity attributable to petitioner; (3) whether the district court erred in determining that petitioner was an organizer or leader for purposes of a sentencing enhancement; and (4) whether the district court provided petitioner a proper opportunity to speak at sentencing.

Petitioner's conviction and sentence were affirmed by the Ninth Circuit. <u>United States v. Aguilera-Mendoza</u>, 376 Fed. Appx. 693 (9th Cir. 2010) (unpublished decision). The court held that there was no evidence that petitioner's plea was coerced, the district court properly overruled petitioner's objection to the pre-sentence report's leadership role adjustment, and the district court ruled on the issue of the calculation of drug quantity when it reaffirmed that the correct base offense level was 38. <u>Id.</u> The court noted that petitioner did not raise any factual disputes on the issue of drug quantity that required the district court's resolution. <u>Id.</u> Finally, the panel found that the district court provided petitioner with an adequate opportunity to speak. <u>Id.</u>

Petitioner filed his § 2255 motion on March 18, 2011, asserting three grounds for relief: (1) conviction obtained in violation of the Fifth and Sixth Amendments; (2) ineffective assistance of counsel by his trial lawyer for not conducting a reasonable investigation; and

(3) ineffective assistance of counsel by his trial and appellate lawyers concerning his sentence. Petitioner complained that his 200 month sentence (based on the quantity of methamphetamine and his role as a leader) was disparate compared to the sentences his co-defendants received, and that his trial lawyer was ineffective at the sentencing hearing. He claimed that his appellate lawyers were ineffective for filing an <u>Anders</u> brief and for failing to raise issues of drug calculation, his role, and the scope of the organization on appeal.

The magistrate judge reviewed petitioner's arguments and issued a report recommending that we deny the § 2255 petition. First, he noted that to the extent petitioner attempted to re-raise issues concerning his sentencing that were decided against him on appeal, he was precluded from doing so. The magistrate judge then concluded that, contrary to petitioner's claims, the record shows that his trial lawyer raised the issues of inappropriate sentence enhancements, drug amounts, and disparate sentencing at the sentencing hearing. He also concluded that petitioner did not point to any other evidence that could have been presented or show that any prejudice resulted from the trial lawyer's actions. Next, the magistrate judge concluded that petitioner did not show that any prejudice resulted from his initial appellate lawyer's filing an <u>Anders</u> brief, as he was appointed new counsel. Finally, the magistrate judge indicated that new appellate counsel raised sentencing issues on appeal and petitioner had not contended that these arguments were deficient.[1]

**II**

Petitioner raises several objections to the magistrate judge's report and recommendations. First, petitioner argues that the magistrate judge is wrong to conclude that his ineffective assistance of counsel claims were already litigated and cannot be re-raised. This was not the magistrate judge's conclusion. The magistrate judge noted that to the extent petitioner is utilizing his § 2255 motion to argue that the district court erred during sentencing, this argument is precluded because it was already presented on direct appeal and

---

[1] Petitioner does not specifically object to the magistrate judge's recommendation that his ineffective assistance of counsel claim against the appellate lawyers is without merit. After review, we adopt this recommendation.

- 3 -

1 was decided against him. See Aguilera-Mendoza, 376 Fed. Appx. at 693 (affirming petitioner's conviction and sentence). The magistrate judge is correct. See Odom v. United States, 455 F.2d 159, 160 (9th Cir. 1972) (law is "clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion").

Next, petitioner objects to the magistrate judge's recommendation that the ineffective assistance of counsel claim concerning his trial lawyer is without merit. He objects to the magistrate judge's finding that petitioner failed to point to any other evidence that could have been presented at sentencing or any prejudice that resulted from his trial lawyer's actions. Petitioner contends that he raised arguments in his motion that "border on possible new evidence." Objection at 3. Even if this was enough, petitioner does not point to any prejudice resulting from his trial lawyer's actions. Without a showing of prejudice, his ineffective assistance of counsel claim necessarily fails. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984) (petitioner must show both that counsel's representation was objectively deficient and that he was prejudiced by the representation).

Petitioner raises a new argument in his objections to the report and recommendations that the government committed a Brady violation. This argument was not presented in his § 2255 petition. It is unclear what evidence petitioner is now arguing was withheld from him by the prosecution. Petitioner asks for discovery to determine whether there is evidence that his co-defendants worked with the government to try and "dump" the quantity of drugs and leader role onto him. Even if petitioner had timely raised a Brady violation argument, ordering discovery in this case would be inappropriate, as petitioner is merely speculating that his co-defendants set him up. See Calderon v. U.S. Dist. Court for the N. Dist. of Cal., 98 F.3d 1102, 1106 (9th Cir. 1996) ("courts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation").

Finally, petitioner argues that his trial lawyer did not argue or investigate issues under Rule 32, Fed. R. Crim. P., which he alleges is a Sixth Amendment violation. He argues that it is error for a district court to place the burden on the defendant to disprove the factual basis for a base offense level at sentencing. See United States v. Ameline, 409 F.3d 1073, 1085-86

1  (9th Cir. 2005) (government bears burden of proof to establish the basis for a base offense
2  level). Petitioner argues that <u>Ameline</u> proves that his counsel did not argue or investigate
3  sentencing issues. To the extent that petitioner is using <u>Ameline</u> to argue that the district
4  court erred in calculating the base offense level during sentencing, we reiterate that this issue
5  was decided against petitioner on direct appeal and cannot be re-litigated in his § 2255
6  motion. <u>See</u> <u>Odom</u>, 455 F.2d at 160. Petitioner has not contended that the arguments made
7  by appellate counsel were deficient. And as the magistrate judge noted, the record shows that
8  petitioner's trial lawyer raised several sentencing issues - including objections to the
9  calculation of the base offense level - at the sentencing hearing. We agree with the
10 magistrate judge's conclusion that petitioner did not point to any new evidence that his
11 lawyers could have raised or any prejudice that resulted from his lawyers' actions at either
12 the sentencing hearing or on appeal.

### III

**IT IS THEREFORE ORDERED** accepting the recommendation of the magistrate judge (doc. 10) and **DENYING** the motion to vacate, set aside, or correct sentence (doc. 1).

**IT IS FURTHER ORDERED DENYING** a certificate of appealability either because the dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable or because petitioner has not made a substantial showing of the denial of a constitutional right.

DATED this 23rd day of March, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge